IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01371-BNB

VIRGIL F. RICE,

    Plaintiff,

v.

LARIMER COUNTY COLORADO,
SHERIFF JAMES ALDERDEN,
MAJ. WILLIAM NELSON,
LT. PATRICK McCOSH,
DIR. LAURIE STOLEN,
SANDRA GRIFFIN, RN,
MARGO GEPPERT, MD,
JACK HALEY, PA,
DAVID AYRAUD,
GEORGE HASS,
THE HONORABLE DAVE WILLIAMS,
TIMOTHY WIRT, MD,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
THE 8TH JUDICIAL DISTRICT,
JAMES ALDERDEN, Individually,
WILLIAM NELSON, Individually,
PATRICK McCOSH, Individually,
LAURIE STOLEN, Individually,
SANDRA GRIFFIN, Individually,
MARGO GEPPERT, Individually,
JACK HALEY, Individually,
DAVID AYRAUD, Individually, and
DAVE WILLIAMS, Individually,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -6 2010

GREGORY C. LANGHAM
                CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

At the time Plaintiff Virgil F. Rice commenced this action he was detained at the

Larimer County Detention Facility in Fort Collins, Colorado.[1] Mr. Rice, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Brief in Support of Prisoner Complaint Concerning the Denial of Medical Care. The Court must construe the Complaint and Brief liberally because Mr. Rice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rice will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Rice and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule

---

[1] On June 28, 2010, Mr. Rice filed a "Notice of Imminent Move," in which he indicates that he expects to be transferred to a Colorado Department of Corrections prison facility on June 28, 2010. The Court, however, has not received a notice of change of address.

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Rice sets forth two claims. Claim Two is improperly raised in a § 1983 action. To the extent Mr. Rice seeks a reversal of his criminal conviction because he was denied proper medical treatment during his trial and as a result his Fourteenth Amendment rights were violated, his claims more properly are raised in a habeas action once he has exhausted his state court remedies.

As for Claim One, rather than setting forth a simple, concise, and direct allegation in this claim, Mr. Rice provides a separate statement of facts in support of both claims that includes a narrative of chronological events, which in part is unnecessary. Mr. Rice also states in a separate section of the Complaint the "role" each defendant played in denying his medical care, but he does not state which of the two claims he is asserting against the listed defendants.

Mr. Rice's Complaint is repetitive, disjunctive, and noncompliant with Rule 8. Therefore, Mr. Rice will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Rice also is instructed to present his claims to the Court on a Court-approved form used in filing prisoner complaints. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action." Under each identified claim, Mr. Rice is directed to include in a short and concise format a statement of the right violated and of the actions committed by each defendant that show how they violated his rights.

Mr. Rice also is advised that he must allege **specific facts** in his Amended Complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rice must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rice further is instructed that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Rice file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Rice, together with a copy of this Order, two copies of the Prisoner Complaint form to use in filing his Amended Complaint. It is

FURTHER ORDERED that if Mr. Rice fails to comply with this Order to the Court's satisfaction, within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 6th day of July, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01371-BNB

Virgil F. Rice
Prisoner No. 0812864
Larimer County Det. Center
2405 Midpoint Dr.
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/6/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk